United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| STONEX COMMODITY SOLUTIONS LLC, § § § § Plaintiff/Counter-Defendant, § § VS. § § OCTAVIO GARCIA, § § Defendant/Counter-Plaintiff. § | CIVIL ACTION NO. 7:23-cv-00163 |

**ORDER AND OPINION**

The Court now considers Defendant Garcia's motion for leave to file a late response,[1] his motion for reconsideration with request for leave to file a late response,[2] and Plaintiff StoneX's response.[3] Because Garcia's latter motion includes the same request for relief as the former, it will be taken as superseding the former request,[4] which is hereby **DENIED AS MOOT**. After considering Garcia's motion for reconsideration and request for leave to file a late response,[5] the Court **DENIES** the motion.

### I. PROCEDURAL HISTORY

This case arises out of Garcia's personal guaranty (the "Guaranty") on a commodities transaction between StoneX and a now-bankrupt corporation, Garcia Grain Trading Corporation ("GGTC").[6] StoneX brings claims for breach of contract, negligent mismanagement, negligent misrepresentation, fraudulent misrepresentation, fraud by omission, and fraudulent inducement.[7]

---

[1] Dkt. No. 25.
[2] Dkt. No. 26.
[3] Dkt. No. 27.
[4] Dkt. No. 25.
[5] Dkt. No. 26.
[6] Dkt. No. 1 at 2-6.
[7] *Id.* at 6-16.

Garcia's answer contains a counterclaim for fraudulent misrepresentation, fraud by omission, and fraudulent inducement.[8]

The Guarantee's arbitration clause says, "**BINDING ARBITRATION CLAUSE.** Guarantor [Garcia] hereby waives trial by jury in any action, proceeding or counterclaim brought by or against it on any matter whatsoever, in contract or in tort, arising out of or in any way connected with this Guaranty or the Guarantor's obligations. . . ."[9]

But on July 10, 2023, Garcia filed a jury demand in this case.[10] StoneX moved to strike that demand,[11] Garcia did not respond, and—finding Garcia well situated to understand and negotiate the conspicuous jury waiver—the Court struck the jury demand.[12] Garcia now moves to have the Court withdraw that order and grant him leave to respond.[13] In that motion, rather than focusing on the reason for the failure to file a timely response, Garcia helps himself to making responsive arguments about the jury waiver's application and enforceability.[14]

## II.   LEGAL STANDARD

Garcia does not tell the Court under which of the Federal Rules of Civil Procedure he moves, but the Court will presume him to be moving under Rule 60(b)(1).[15] That Rule allows a court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Whether neglect is excusable is an equitable determination which looks to "the danger of prejudice[,] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

---

[8] Dkt. No. 14 at 12-16.
[9] Dkt. No. 1-5 at 3, ¶ 13.
[10] Dkt. No. 18.
[11] Dkt. No. 22.
[12] Dkt. No. 24.
[13] Dkt. No. 26 at 5.
[14] *Id.* at 2-5.
[15] FED. R. CIV. P. 59(e) deals with altering or amending *judgments* as opposed to *orders*. Furthermore, "the catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60." *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).

movant acted in good faith."[16] Motions to reconsider should not be used to rehash arguments that could have been made before the entry of the challenged order.[17]

The Fifth Circuit has observed that reconsideration under Rule 60(b)(1) is "extraordinary relief [requiring a] showing of unusual or unique circumstances justifying such relief."[18] "[A] district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel. 'In fact, a court *would* abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.'"[19]

### III. APPLICATION

Garcia argues that his failure to file a timely response to Plaintiff's motion to strike the jury demand was "[d]ue to error within Defendant counsel's office (Law Office of John David Franz)."[20] That is all. Such an explanation does nothing to support a finding of *excusable* neglect.

Furthermore, even if Garcia had provided more support for reconsideration, it would be futile[21] for the Court to withdraw its order for Garcia to make the arguments contained in the instant motion. First, he attempts to trojan horse a dispositive merits argument—that the Guaranty applies only to dried distiller's grain transactions—as an argument about the jury waiver's enforceability.[22] But if the scope of the Guaranty is limited in the way he claims, it is not just the jury waiver that falls, but the basis of StoneX's entire case. Garcia has not adequately briefed the Court on how this argument gets around the parole evidence rule, but that fight is best left for another day.

---

[16] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).
[17] *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (in the Rule 59(e) context).
[18] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).
[19] *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356-57 (5th Cir. 1993)) (emphasis in *Brittingham*).
[20] Dkt. No. 26 at 1.
[21] *See Martin's Herend Imps., Inc. v. Diamond & Gem Trading United States Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").
[22] Dkt. No. 26 at 3.

In the alternative, Garcia baldly asserts that he had no bargaining power, that he did not understand the waiver to be a waiver, and that the Guaranty's waiver was not conspicuous.[23] The Court has already found that he did have bargaining power and that the waiver was conspicuous.[24] Garcia's statement in hindsight that he "did not know [he] was agreeing to waive [his] right to a trial by jury at the time [he] signed the personal guaranty"[25] is contradicted by his signing the Guaranty in which he "represents and warrants an understanding of the terms and condition [sic] of this Guaranty."[26] To belabor the point, even if in the course of this litigation Garcia is ultimately able to prove that he was misled, the Fifth Circuit maintains "that general allegations of fraud do not render contractual jury waivers unknowing and involuntary unless those claims are directed at the waiver provision specifically."[27]

### IV.  CONCLUSION

Defendant Garcia has not shown that his failure to timely respond was a result of anything beyond mere carelessness by counsel, nor has he shown that leave to respond would not be futile. The motion[28] is **DENIED.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of August 2023.

_____
Micaela Alvarez
Senior United States District Judge

---

[23] *Id.* at 2-3; Dkt. No. 26-1 (affidavit).
[24] Dkt. No. 24.
[25] Dkt. No. 26-1 at 1, ¶ 5.
[26] Dkt. No. 1-5 at 3.
[27] *Pizza Hut L.L.C. v. Pandya*, No. 22-40555, 2023 U.S. App. LEXIS 22113, at *2 (5th Cir. 2023).
[28] Dkt. No. 26.