United States District Court
Southern District of Texas
**ENTERED**
November 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| STONEX COMMODITY SOLUTIONS LLC, | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:23-cv-00163 |
| OCTAVIO GARCIA, | § § | |
| Defendant/Counter-Plaintiff. | § § | |

## ORDER AND OPINION

The Court now considers "Defendant Octavio Garcia's Verified Plea in Abatement and Motion to Compel Arbitration."[1] Plaintiff has filed a response in opposition to Defendant's motion. After considering the motion, the record, and the relevant authorities, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion.

### I.   PROCEDURAL HISTORY

This case arises out of Garcia's personal guaranty (the "Guaranty") on a commodities transaction between StoneX and a now-bankrupt corporation, Garcia Grain Trading Corporation ("GGTC").[2] StoneX brings claims for breach of contract, negligent mismanagement, negligent misrepresentation, fraudulent misrepresentation, fraud by omission, and fraudulent inducement.[3] Garcia's answer contains a counterclaim for fraudulent misrepresentation, fraud by omission, and fraudulent inducement.[4]

The Guarantee's arbitration clause states,

---

[1] Dkt. No. 30.
[2] Dkt. No. 1 at 2-6.
[3] *Id.* at 6-16.
[4] Dkt. No. 14 at 12-16.

**BINDING ARBITRATION CLAUSE.** Guarantor [Garcia] hereby waives trial by jury in any action, proceeding or counterclaim brought by or against it on any matter whatsoever, in contract or in tort, arising out of or in any way connected with this Guaranty or the Guarantor's obligations. Any controversy or claim arising out of or relating to this Guaranty or any breach hereof, shall be settled by arbitration conducted by a single arbitrator in accordance with the then current commercial arbitration rules of the American Arbitration Association. The arbitrator's award shall be final and binding upon the parties and judgment upon such award may be entered in any court having jurisdiction thereof. The arbitrator shall be selected in accordance with the commercial arbitration rules of the American Arbitration Association. The arbitrator may, in his sole discretion, award fees (including reasonable attorney's fees) and costs to the prevailing party. The arbitration shall be held in New York City, New York, USA, or such other place as may be agreed upon at the time by the parties to the arbitration. The parties intended that this clause shall be valid, binding, enforceable and irrevocable and shall survive the expiration of this Guaranty.[5]

On July 10, 2023, Garcia filed a jury demand in this case.[6] StoneX moved to strike that demand,[7] Garcia did not respond, and—finding Garcia well situated to understand and negotiate the conspicuous jury waiver—the Court struck the jury demand.[8] Garcia then moved to have the Court withdraw that order and grant him leave to respond.[9] The Court denied Defendant's motion.[10]

## II.   LEGAL STANDARD

The FAA provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[11] The FAA also provides that if the Court determines arbitration to be appropriate, it "shall . . . stay the trial of the action until such arbitration

---

[5] Dkt. No. 1-5 at 3, ¶ 13.
[6] Dkt. No. 18.
[7] Dkt. No. 22.
[8] Dkt. No. 24.
[9] Dkt. No. 26 at 5.
[10] Dkt. No. 28.
[11] 9 U.S.C.A. § 2 (West).

has been had in accordance with the terms of the agreement . . . ."[12] The United States Supreme Court has acknowledged "a liberal federal policy [under the FAA] favoring arbitration agreements."[13] As a result, there is a "strong presumption in favor of arbitration . . . ."[14]

Enforcement of an arbitration agreement involves two analytical steps: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[15] The burden is on the party challenging arbitration to show that it is invalid.[16] Furthermore, any "ambiguities as to the scope of the arbitration clause are to be resolved in favor of arbitration."[17]

Nonetheless, even if the Court is to find that the arbitration clause is enforceable, the right to compel arbitration can be waived.[18] However, "[t]here is a strong presumption against waiver of arbitration."[19] A court may find a party has waived its right to arbitrate when "the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."[20] "The substantial-invocation analysis in this case is straightforward. Substantial invocation occurs when a party performs an overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration."[21] Prejudice, in this context, "refers to inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue."[22]

---

[12] *Id.* § 3.
[13] *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012).
[14] *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).
[15] *Id.* (internal quotation marks omitted).
[16] *Carter*, 362 F.3d at 297.
[17] *SR Intern. Bus. Ins. Co. Ltd. v. Energy Future Holdings Corp.*, 539 F. Supp. 2d 871, 876 (N.D. Tex. 2008) (citing *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)).
[18] *Miller Brewing Co. v. Fort Worth Distrib. Co., Inc.,* 781 F.2d 494, 497 (5th Cir. 1986).
[19] *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999) (internal citations omitted).
[20] *Id.*
[21] Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 999 F.3d 257 (5th Cir. 2021), cert. denied, 142 S. Ct. 2752, 213 L. Ed. 2d 998 (2022) (citing *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (internal citations and quotations omitted).
[22] *Subway Equipment Leasing Corp.*, 169 F.3d at 327.

Further, "district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3."[23] However, 9 U.S.C. § 3 "was not intended to limit dismissal of a case in the proper circumstances . . . [i]f all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate."[24] In this context, where a party requests a district court compel arbitration for all arbitrable issues, a district court acts within its discretion to dismiss the action without prejudice to re-filing instead of staying the action because "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law."[25]

## III.   APPLICATION

Plaintiff does not dispute the enforceability of the arbitration clause and the Court agrees that the parties have effectively agreed to arbitrate "[a]ny controversy or claim arising out of or relating to [the parties'] Guaranty or any breach [t]hereof . . . ."[26] However, Plaintiff argues that Defendant has waived his right to arbitration "because Defendant has substantially invoked the judicial process by participating in discovery, specifically requesting a jury trial, participating in discovery [sic] and engaging in extensive motion practice."[27] Specifically, Plaintiff argues that Defendant "filed the Jury Demand, and then later filed the Motion for Reconsideration after this Court struck the Defendant's jury demand."[28] Then Defendant filed a motion to extend deadline for summary judgment response, motion for leave to file first amended answer, defenses and counterclaim and response to Plaintiff's partial motion for summary judgment.[29] Finally,

---

[23] *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).
[24] *Fedmet Corp.*, 194 F.3d at 676 (citing *Alford*, 975 F.2d at 1164).
[25] *Fedmet Corp.*, 194 F.3d at 68–69 (citing *Alford*, 975 F.2d at 1164); *Sea–Land Service, Inc. v. Sea–Land of Puerto Rico, Inc.*, 636 F.Supp. 750, 757 (D.Puerto Rico 1986).
[26] Dkt. No. 1-5 at 3.
[27] Dkt. No. 34 at 3.
[28] *Id.* at 5.
[29] *Id.* at 6.

Defendant "participated in discovery by serving initial disclosures, responding to interrogatories, and requests for admissions . . . and producing numerous documents in response to [Plaintiff's] requests for production."[30]

Defendant argues that all of the actions noted by Plaintiff "were defensive in nature, and were conducted pursuant to the Federal Rules of Civil Procedure. As such, they should not be interpreted as actions substantially invoking the judicial process."[31]

Plaintiff cites *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,[32] for the proposition "that a party substantially invoked litigation when it filed a jury demand, among other pleadings."[33] However, Plaintiff fails to note that in that case, the plaintiff was the one seeking to enforce the arbitration clause and the defendant was arguing that a waiver had occurred. The Fifth Circuit noted that,

> [t]he substantial-invocation analysis in this case is straightforward. Substantial invocation occurs when a party performs an 'overt act in [c]ourt that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.' '[I]t is difficult to see how a party could more clearly evince [such] a desire ... than by filing a lawsuit going to the merits of an otherwise arbitrable dispute.' So outside of the rare case in which initiating litigation 'would not be inconsistent with seeking arbitration,' the 'act of a plaintiff filing suit without asserting an arbitration clause constitutes substantial invocation of the judicial process.'[34]

Thus, taking into consideration that in this case Defendant's filing of the jury demand was defensive in nature, it does not have the same effect in this matter as it did in *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*

However, that case does have some illuminating information for other considerations in this dispute. As previously noted, a court may find a party has waived its right to arbitrate "when

---

[30] *Id.*

[31] Dkt. No. 36 at 2.

[32] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d 257, 266 (5th Cir. 2021), cert. denied, 142 S. Ct. 2752 (2022).

[33] Dkt. No. 34 at 6.

[34] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d at 266.

the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."[35] In *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, the Fifth Circuit noted that "a party's failure to timely assert its right to arbitrate is . . . relevant to the prejudice determination."[36] The Fifth Circuit went on to state that "[w]hile there is no hard-and-fast rule for how long is too long, we have found delays of 10 and 18 months to be sufficiently troubling."[37] Here, Plaintiff's original complaint was filed in this Court on May 16, 2023.[38] Defendant was served on June 7, 2023.[39] The instant motion was filed on October 11, 2023.[40] Thus, the delay here is merely 4 months; well below the 10 months mentioned by the Fifth Circuit.

As for Plaintiff's other arguments that there have been various motions filed and that Defendant has participated in discovery, the Fifth Circuit has found in many instances that, without more, those events do not substantially invoke the judicial process.[41] The Court finds the same to be true here. Defendant participated in this case to the extent required to defend himself against Plaintiff's complaint. Because Plaintiff has failed to show that there was a significant delay in filing the instant motion that would prejudice Plaintiff and because Defendant's participation has

---

[35] *Id.* (quoting *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009)).

[36] *Id.* at 267 (quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004)).

[37] *Id.* (citing *Nicholas*, 565 F.3d at 910 (10 months); *MC Asset Recovery LLC v. Castex Energy, Inc.* (In re Mirant Corp.), 613 F.3d 584, 591 (5th Cir. 2010) (18 months). Delay coupled with extensive pretrial litigation is even more problematic because of the "inherent unfairness" that occurs when a party "forces it[s] [opponent] to litigate" a dispute "and later seeks to arbitrate" it. *Republic Ins.*, 383 F.3d at 346 (quotation omitted); see also *In re Mirant Corp.*, 613 F.3d at 590 (rejecting a litigant's attempt to obtain "a second bite at the apple through arbitration" (quotation omitted)).

[38] Dkt. No. 1.

[39] Dkt. No. 13.

[40] Dkt. No. 30.

[41] *See, e.g., Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995) (finding no waiver despite removing action to federal court, filing a motion to dismiss, filing a motion to stay proceedings, answering complaint, asserting a counterclaim, and engaging in discovery); *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576-77 (5th Cir. 1991) (finding no waiver despite serving interrogatories, requesting production of documents, attending pretrial conference, and waiting thirteen months before seeking to compel arbitration); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420-21 (5th Cir. 1985) (finding no waiver despite seeking a stay, filing an answer to complaint, serving interrogatories, requesting production of documents, moving for a protective order, agreeing to a joint motion for continuance, requesting an extension of the discovery period, and waiting eight months before seeking to compel arbitration).

been defensive, the Court does not find that Defendant has substantially invoked the judicial process and thus the right to compel the enforceable arbitration clause has not been waived.

Now that the Court has found the clause to be enforceable and not waived, Defendant requests that the Court compel arbitration and stay these proceedings pending completion of that arbitration.[42] As previously mentioned the arbitration clause states in relevant part that the parties effectively agreed to arbitrate "[a]ny controversy or claim arising out of or relating to [the parties'] Guaranty or any breach [t]hereof . . . ."[43] The agreement between the parties clearly states the arbitrability of all claims related to the guaranty or breach. This matter pertains to the guaranty. Thus, the Court finds that all of Plaintiff's claims fall under the provided arbitration clause. In light of this finding, the Court utilizes its discretion and dismisses this action without prejudice to re-filing instead of staying this action pending the parties' arbitration. Accordingly, the Court compels the parties to arbitrate all instant claims according to their existing arbitration agreement.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion insofar as it requests the Court compel arbitration and **COMPELS** the parties' arbitration. However, the Court **DENIES** the motion insofar as it requests the Court stay litigation and instead **DISMISSES** this action **WITHOUT PREJUDICE**. The Clerk of Court is instructed to close this action.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of November 2023.

_____
Micaela Alvarez
Senior United States District Judge

---

[42] Dkt. No. 30 at 7.
[43] Dkt. No. 1-5 at 3.

7 / 7